IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | ) |
| :--- | :--- |
| | ) |
| v. | ) |
| | ) 1:23-CR-131-01 (TCB)(RDC) |
| | ) |
| BRITTANY HUDSON. | ) |
| | ) |

## MOTION TO DISMISS COUNTS 1 -14
## AND BRIEF IN SUPPORT

NOW COMES DEFENDANT BRITTANY HUDSON, by and through the undersigned attorney, and moves this Honorable Court to dismiss Counts 1 through 14 of the above-styled case, as said counts contain the same offense conduct and essential elements as the charges against Ms. Hudson in case No. 1:22 CR 362 (TCB), *or* compel the Government to select a single criminal case against Ms. Hudson to prosecute. The continued concurrent criminal prosecution of two criminal cases for the same offenses implicates and constitutes double jeopardy in violation of federal law. In support of this motion Ms. Hudson shows as follows:

1.

On September 29, 2022, the government filed a criminal information in case No. 1:22 CR 362 (TCB), charging Brittany Hudson with conspiracy to commit a 10 million dollar wire fraud upon Amazon, Inc., in violation of Title 18

USC §§ 1343 and 1349. The conspiracy charge includes 17 paragraphs detailing and charging numerous specific acts in furtherance of the conspiracy. (See attached "Exhibit 1.")

2.

On April 19, 2023, the government obtained the above-styled indictment in this case. In this case, Brittany Hudson is charged in Count 1 with the same conspiracy to commit wire fraud upon Amazon, Inc. in violation of Title 18 USC §§ 1343 and 1349. Counts 2 through 14 charge substantive acts of the same wire fraud, alleging payments from Amazon to various bank accounts controlled by or associated with Ms. Hudson, in violation of 18 USC §§ 1343 and 2. Counts 15 through 20 charge Ms. Hudson with money laundering of the alleged Amazon fraud proceeds, in violation of 18 USC §§ 1957 and 2. Count 21 charges Ms. Hudson with conspiracy to commit wire fraud upon the CRU Franchising Company, LLC, (operating as "CRU" and "CRU Hemp Lounge,") in violation of 18 USC §§ 1343 and 1349. Counts 22 and 23 charge substantive acts of wire fraud involving emails allegedly sent by Ms. Hudson to representatives of CRU, in violation of 18 USC §§ 1343 and 2. Count 24 does not charge Ms. Hudson. Count 25 charges Ms. Hudson with forgery of the signature of a federal judge [Chief Judge TIMOTHY C. BATTEN, SR.], and forgery of the seal of the court, in

violation of 18 USC §§ 505 and 2.  (Doc. 1, attached hereto as "Exhibit 2").  Ms. Hudson has entered a plea of "not guilty" to all counts of the indictment (and the criminal information).

**ARGUMENT AND CITATION OF AUTHORITY**

**THE GOVERNMENT MUST DISMISS COUNTS
OR ELECT BETWEEN
OVERLAPPING INDICTMENTS TO AVOID A
CONSTITUTIONAL DOUBLE JEOPARDY VIOLATION**

**Double Jeopardy Concerns.**

The prohibition against "double jeopardy" originated in the Fifth Amendment to the United States Constitution. The due process clause includes a pronouncement that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb..." United States Constitution, Amendment V. "The double jeopardy clause of the fifth amendment guarantees that an individual will not be subjected to multiple prosecutions for the same offense. (Cit.) The traditional test for determining whether two indictments charge the same offense is whether the same proof will sustain a conviction under both or whether one requires proof of facts not required by the other." *United States v. Sturman*, 679 F.2d 840, 843 (11th Cir. 1982), citing *Ashe v. Swenson*, 397 U.S. 436, 450 (1970)

(Brennan, J., concurring) and *United States v. Tammaro*, 636 F.2d 100, 103 (5th Cir. 1981).

The Government cannot avoid double jeopardy limitations merely by characterizing one crime as another crime in a separate charging document. The double jeopardy clause applies to "three broad categories of cases: 1) successive prosecution for the same offense after acquittal; 2) successive prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." *Mars v. Mounts*, 895 F.2d 1348, 1353 (11th Cir. 1990), citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). In *United States v. Dixon,* 509 U.S. 688 (1993), two defendants were tried for contempt of court. The defendants were then prosecuted in a separate indictment for essentially the same conduct. The defendants' convictions on the subsequent indictment were reversed because the prosecution violated the Double Jeopardy Clause.

**Pick a Case.**

Upon proper objection to multiplicitous counts of an indictment, a trial court should compel the Government to elect which count it will proceed with against a defendant. The remaining count should be quashed or dismissed. United States Constitution, Amendment V; *Sanabria v. United States,* 437 U.S. 54, 65 n.19 (1978); *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218 (1952);

*United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981); *United States v. De La Torre*, 634 F.2d 792 (5th Cir. 1981); *United States v. Bradsby*, 628 F.2d 901 (5th Cir. 1980); *United States v. Hill*, 589 F.2d 1344 (8th Cir.), *cert. denied*, 442 U.S. 919 (1979); *United States v. Croucher*, 532 F.2d 1044 (5th Cir. 1976). The same principle obviously applies to duplicative indictments, since each charging document is merely a combination of counts. By the same analysis, this Honorable Court should compel the Government to elect which indictment / information it will proceed with against the Ms. Hudson. Either the criminal information in 1:22 CR 362 (TCB) should be dismissed, or Counts 1 - 14 of this indictment should go.

WHEREBY BRITTANY HUDSON requests that this Honorable Court direct the government to respond to this motion, allow her to file a brief in reply, and ultimately compel the government to select a single criminal case against Ms.

Hudson, and either dismiss the criminal information in case No. 1:22 CR 362 (TCB) or dismiss Counts 1 through 14 of the above-styled case.

Dated: This 20th day of June, 2023.

Respectfully submitted,

 s/ *L. Burton Finlayson*
L. BURTON FINLAYSON
Attorney For BRITTANY HUDSON
Georgia Bar Number: 261460

LAW OFFICE OF
L. BURTON FINLAYSON
ATTORNEY AT LAW
931 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-0560
lbfcourts@aol.com

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing motion by filing same in the CM / ECF filing system which will deliver a copy to all counsel of record including the following:

>Mr. Stephen McClain, and
>Mr. Norman Barnett
>Assistant United States Attorneys
>600 United States Courthouse
>75 Ted Turner Drive, S. W.
>Atlanta, Georgia  30303.

DATED:  This 20TH day of June, 2023.

>s/ *L. Burton Finlayson*
>L. BURTON FINLAYSON
>ATTORNEY FOR BRITTANY HUDSON
>State Bar Number: 261460