# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRITTANY HUDSON,<br><br>Defendant. | CRIMINAL ACTION FILE<br><br>NO. 1:22-cr-362-TCB<br>NO. 1:23-cr-131-TCB |

## O R D E R

This case comes before the Court on Magistrate Judge Regina D. Cannon's non-final report and recommendation (the "R&R") [1:22-cr-362-TCB-RDC, 98; 1:23-cr-131-TCB-RDC, 184], which recommends denying Defendant Brittany Hudson's motions for emergency release [1:22-cr-362-TCB-RDC, 52; 1:23-cr-131-TCB-RDC, 122]. Hudson has filed objections [1:22-cr-362-TCB-RDC, 104; 1:23-cr-131-TCB-RDC, 196] to the R&R.

## I. Background[1]

On September 29, 2022, Hudson appeared before Chief Magistrate Judge Russell G. Vineyard for arraignment on a criminal information filed in case 1:22-cr-362-TCB-RDC (the "Information case"). She waived her right to indictment and entered a not guilty plea to one count of conspiracy to commit wire fraud. During this hearing, she was granted an appearance bond and agreed to abide by the conditions imposed by the Court. Pursuant to this agreement, she acknowledged that her bond "may be forfeited if [she] . . . violate[s] federal, state, or local law." [1:22-cr-362- TCB-RDC; 4]. She was also warned that "the court may order this appearance bond ended at any time." *Id.*

According to the Government, Hudson subsequently violated the terms of her bond by engaging in new criminal conduct with her co-conspirators. The Government moved to revoke her bond. Based on these allegations, Hudson was arrested on January 27, 2023, and made her first appearance on the motion to revoke before Judge Vineyard.

---

[1] In her objections, Hudson provides a different account of the factual findings but does not specifically object to the magistrate judge's factual findings. Accordingly, the Court adopts the magistrate judge's recitation of the factual background as set forth in the R&R and provides a summary here.

2

On February 1, Judge Vineyard conducted a bond revocation hearing. Following a review of the testimonial and documentary evidence supporting the motion to revoke, Judge Vineyard concluded that Hudson had engaged in new criminal conduct, that no combination of conditions would ensure that she would not pose a danger to the safety of the community if she were released, and that she was not likely to abide by any conditions of release given the brazen nature of her new criminal conduct. Based on these findings, the Court revoked her bond and remanded her to the custody of the United States Marshal.

On April 19, a grand jury returned a twenty-five-count indictment charging Hudson and her co-conspirators with conspiracy to commit wire fraud, forgery, and money laundering related to their alleged scheme to defraud Amazon. Hudson and co-conspirator Kayricka Wortham were also charged with conspiring to commit wire fraud and forgery related to an attempt to obtain a hookah lounge franchise. These latter offenses were based on the alleged illegal acts that resulted in Hudson's detention following the bond revocation hearing.

On April 27, Judge Vineyard arraigned Hudson in this case and granted the Government's motion for detention under 18 U.S.C. § 3142(f)(2). On June 20, a fifty-five-count superseding indictment (now the operative document in this case) was returned. It alleges the same wire fraud, forgery, and money laundering offenses outlined in the original indictment, but also charges additional co-conspirators with new substantive offenses. On June 27, Hudson was arraigned on the superseding indictment and entered a plea of not guilty to counts one through twenty-three.

On April 15, 2024, Hudson moved for immediate release from custody under 18 U.S.C. § 3164 and a standing court order in this district. She contends she has been detained over four hundred days, with more than ninety days of non-excludable days.

On May 2, the Government responded by contending that Hudson's motions are meritless because 18 U.S.C. § 3161(h) excludes from the ninety-day calculation numerous periods of delay.

On May 29, Hudson filed a reply to the Government's brief, arguing that her motion does not "stand[] and fall[] on Title 18 U.S.C. § 3164" as the Government claims, because the Plan for the United

4

States District Court for the Northern District of Georgia for Achieving Prompt Disposition of Criminal Cases (the "Plan") takes precedence over the Act.

On November 5, Judge Cannon issued an R&R, recommending that Hudson's motions [1:22-cr-362-TCB-RDC, 52; 1:23-cr-131-TCB-RDC, 122] be denied. The R&R agrees with the Government, finding that Hudson's pre-trial detention in both cases has not exceeded the ninety non-excludable day period under 18 U.S.C. § 3164.

Hudson has filed objections [1:22-cr-362-TCB-RDC, 104; 1:23-cr-131-TCB-RDC, 196] to the R&R on multiple grounds. The Government has filed a response [1:23-cr-131-TCB-RDC, 231; 1:22-cr-362-TCB-RDC, 128] to Hudson's objections.[2]

## II. Legal Standard

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms,

---

[2] The Government filed motions [1:23-cr-131-TCB-RDC, 219; 1:22-cr-362-TCB-RDC, 125] to extend the time to file a response to Defendant's objections to the magistrate judge's R&R. In light of this Order, these motions will be denied as moot.

5

however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[3]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and products a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's

---

[3] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

## III. Discussion

### A. The Indictment Case Objections (1:23-cr-131-TCB-RDC)

First, Judge Cannon found that Hudson's detention in the 1:23-cr-131-TCB-RDC case (the "Indictment case") has not surpassed the ninety-day deadline pursuant to 18 U.S.C. § 3164. Judge Cannon concluded that only seventeen days[4] have run under § 3164(b) between

---

[4] Judge Cannon concluded that the following days were excludable based on ends-of-justice findings placed on the record: May 16, 2023, through June 27, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) [19]; June 27, 2023, through July 13, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) [40]; July 13, 2023, through July 27, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) [48]; July 27, 2023, through August 9, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) [58]; August 9, 2023, through September 12, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) & (iv) [63]; September 12, 2023, through October 31, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) [73]; October 31, 2023, through November 29, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) [81]; November 29, 2023, through January 4, 2024, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) [97]; January 4, 2024, through February 7, 2024, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) [104]; February 7, 2024, through March 13, 2024, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(i) [108]; and March 13, 2024, through April 15, 2024, pursuant to 18 U.S.C. § 3161(h)(7)(A) [115]; and April 18, 2024, through June 17, 2024, pursuant to 18 U.S.C. § 3161(h)(7)(A) [123].

April 28, 2023, and April 15, 2024—the date Hudson filed her motions for emergency release.

Hudson objects to the R&R on the grounds that the Speedy Trial Act has been violated with the delayed filing of the Government's "retaliatory" indictment in an attempt to stop the Speed Trial Act clock and that the Government failed to obtain the indictment within thirty days of her January 27, 2023, arrest. Hudson argues that she has been in continuous detention for 197 days, rather than the seventeen days concluded by Judge Cannon.

The Government responds that Hudson's "retaliatory indictment" argument is not supported by authority and is based on a factually flawed premise that the Government obtained the indictment after she filed a motion to dismiss on April 19, 2023, in the Information case. The Government obtained the indictment on April 18; therefore, as the Government correctly points out, the retaliation claim is baseless.

The Government also contends Hudson has failed to show that prosecutors charged her "out of vindictiveness"; instead, the Government argues it obtained an indictment charging Hudson with crimes related to the Amazon fraud and with the franchise fraud and

forgery. The Government also correctly points out that the Court has already rejected the argument that it failed to obtain the indictment within thirty days of her arrest, and that because her arrest was the result of her bond violation, it did not start a Speedy Trial Act clock requiring Hudson to be indicted within thirty days of arrest.

Finally, the Government correctly argues that Hudson's calculation of days in detention for purposes of the Speedy Trial Act is erroneous because Hudson included the information days in her calculation for the Indictment case and the dates ranging from June 19 to July 18, 2024, and August 19 to October 31, 2024, during which time Hudson filed multiple motions that excluded those time periods under § 3161(h)(1)(D).

The Court has carefully reviewed Hudson's objection and agrees with the Government that Hudson's arguments regarding the allegedly delayed filing of the Government's "retaliatory" indictment in an attempt to stop the Speed Trial Act clock and the miscalculation of days in detention are meritless. Accordingly, the Court overrules Hudson's objection.

Second, Judge Cannon concluded that the Plan does not mandate Hudson's release because the language of the Plan incorporates 18 U.S.C. § 3164 but does not include provisions that would provide additional relief. Judge Cannon also concluded that the Plan enumerates the same exclusions found in § 3161(h), which excludes all but seventeen days of Hudson's pretrial detention in this case.

Hudson objects to the R&R on the grounds that the Plan *requires* action by the Court and that the Court *must* adhere to it. The Court has carefully reviewed Hudson's objection and finds that Hudson misconstrues the Plan, and therefore this objection is overruled.

Finally, Judge Cannon concluded that Hudson wrongly relied on language[5] in the Plan to argue that the ninety-day clock started on the date of Hudson's arrest in the Information case because the Plan limits such instances to "a superseding complaint, indictment, or information . . . which charges the defendant with the same offense or with an offense required to be joined with that offense . . . ." LCrR 5(d), App'x C, NDGa.

---

[5] The language reads as follows: "If the original indictment or information is pending at the time the subsequent charge is filed, the trial shall commence within the time limit for the commencement of trial on the original indictment or information." LCrR 5(d)(2), App'x C, NDGa.

10

Judge Cannon concluded that the indictment in the Indictment case does not supersede the Information case.

Hudson objects, arguing that the Indictment case does supersede the Information case, that the Government has admitted on the record at a pretrial conference that the conduct alleged in the information is also alleged in the indictment, and that the ninety-day clock has run.

The Government responds that the prosecutor there was referring to the seventy-day clock on the Criminal Information, noting that the Government would agree to a dismissal without prejudice of the Information and concede that the seventy-day clock had likely run on the Information. The Government further responds that the continued running of the speedy trial clock in the Information case without Hudson's entering a guilty plea was a key reason it sought an indictment, and that Hudson did not agree to a dismissal without prejudice, so the seventy-day speedy trial issue needs to be briefed. The Government states that it has never admitted that the ninety-day clock has run. The Court has carefully reviewed Hudson's objection and concludes it is without merit; therefore, it is overruled.

## B. The Information Case Objections (1:22-cr-362-TCB-RDC)

First, Judge Cannon concluded that there is an independent, lawful source—18 U.S.C. § 3142(f)(2)—for Hudson's detention in the Indictment case. Judge Cannon found that because Hudson participated in criminal activity while on bond in the Information case no "conditions of release that will reasonably assure the safety of any person and the community." 18 U.S.C. § 3142(f)(2). The Court has previously found that her brazen criminal conduct while released on bond, "coupled with her pattern of fraudulent conduct demonstrates that she poses a danger of ongoing criminal conduct." [1:23-cr-131-TCB-RDC, 11] at 3.

The Court considers four factors in deciding whether to keep a defendant in detention: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence" against the defendant; (3) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed" by the release of the defendant. 18 U.S.C. § 3142(g).

Hudson objects, arguing that she has not been lawfully detained under 18 U.S.C. § 3142(f)(2) because she does not pose a risk of non-appearance or dangerousness. She argues that the nature and

12

circumstances of her offense did not include a crime of violence or a narcotic drug. She contends the Government did not provide evidence at the arraignment for the detention order. She also contends that her history and personal characteristics do not warrant detention because she has a young son whose primary caregiver is her terminally ill former spouse.

Further, Hudson argues she has strong community ties as a business owner including having employed over one hundred people, and she does not have a history of drug or alcohol abuse or prior arrests. Finally, she contends that while her allegations are serious, she should not be labeled as dangerous. Judge Vineyard made the assessment that her history of engaging in new criminal conduct while on bond in the Information case demonstrates that she poses a danger of ongoing criminal conduct. Hudson objects that this assessment is not substantiated with clear and convincing evidence.

The Government responds that, as previously found by Judge Vineyard in his detention order in the Indictment case at the April 27, 2023, arraignment, Hudson's detention is proper. Under § 3142, a defendant must be detained pending trial if "the judicial officer finds

13

that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The Government contends that the factors weigh in favor of detaining Hudson. It argues, first, that Hudson's offenses are extremely serious, as she is charged with committing a $10 million fraud with her co-conspirator and she undertook a second fraud scheme against another business while on bond, which included misrepresenting the status of her criminal case and forging documents to appear as if they emanated from this Court.

Next, the Government argues that the evidence, including Hudson's own statements that she violated her bond conditions and submitted false banks statements to defraud a business, strongly favors detention. Third, the Government argues that Hudson's history of committing new crimes while on bond weighs in favor of detention. Finally, the Government argues that Hudson's pattern of repeated criminal activity while on bond supports a finding that her release would endanger the safety of the community. After careful

14

consideration of Hudson's objection, the Court agrees with the Government in every aspect and overrules her objection.

Second, Judge Cannon found that Hudson's detention in the Information case has not surpassed the ninety-day deadline pursuant to 18 U.S.C. § 3164. Judge Cannon concluded that sixty-eight non-excludable days have tolled from February 2—when the ninety-day clock began to run—through April 18, 2023. Judge Cannon concluded that Hudson's detention has not exceeded ninety days in this case due to "delay resulting from trial with respect to other charges against the Defendant." 18 U.S.C. § 3161(h)(1)(B).

Noting no Eleventh Circuit precedent, Judge Cannon agreed with the Government that the time beginning with the filing of the indictment in the Indictment case on April 19, 2023, is excluded under 18 U.S.C. § 3161(h)(1)(B) as "delay resulting from trial with respect to other charges against the Defendant." In support, Judge Cannon found *United States v. Brooks*, No. ELH-20-0034, 2024 WL 1194391 (D. Md. Mar. 19, 2024), *superseded by* 2024 WL 2302325 (D. Md. May 21, 2024), to be persuasive.

In *Brooks*, the district court excluded the time encompassing federal Hobbs Act charges brought while the defendant was awaiting trial on an independent federal charge in the same jurisdiction, and held that the 18 U.S.C § 3161(h)(1)(B) "encompasses the time between the date on which a defendant is indicted on other charges and the date on which the defendant is sentenced on those charges." *Brooks*, 2024 WL 2302325, at *19.

Judge Cannon concluded that no other precedent directly addresses this question and that the *Brooks* court's interpretation is persuasive in light of the Eleventh Circuit's adoption of the same interpretation in an adjacent context in *United States v. Rodriguez-Franco*, 749 F.2d 1555 (11th Cir. 1985). There, the theory that "only time consumed by actual trial is excludable" was rejected in a decision involving a federal case and an extra-jurisdictional state proceeding. *Id.* at 1558–59.

Hudson objects that her detention time beginning with the filing of the indictment should not be excluded under 18 U.S.C. § 3161(h)(l)(B) as "delay resulting from trial." She objects to Judge Cannon's finding that, because there is no precedent in the Eleventh Circuit regarding

16

this issue, "delay resulting from trial" should encompass only the days that include trial, beginning with voir dire.

Hudson also argues that her cases are not independent federal cases because they involve the same prosecutors and judge, they stem from the same conduct, she has not been removed from the custody of Marshals, and there is not substantially different evidence to review. She cites *United States v. Hart*, 91 F.4th 732 (4th Cir. 2024), and *United States v. Shear*, 825 F.2d 783 (4th Cir. 1987), to argue that the only automatic excludable proceeding related to other charges against a defendant is trial. Based on this interpretation, Hudson argues that she has been in continuous detention for 401 days, not sixty-eight days as concluded by Judge Cannon.

Hudson also cites the American Bar Association Standards for Criminal Justice Standard 12-2.3(a)(ii) as establishing time that elapses while a defendant is on trial or engaged in proceedings in a different case in either the same or a different court and is therefore physically unavailable. She also argues that Standard 12-2.3(b) establishes that time required for consideration and disposition of pretrial motions should not be automatically excluded.

17

The Government responds that Hudson's interpretation of § 3161(h)(1)(B)'s language—"delay resulting from trial with respect to other charges against the Defendant"—has been rejected by majority of courts. *See, e.g.*, *United States v. Williams*, No. 22-cr-449 (FB), 2024 WL 1348648, at *2 (E.D.N.Y. Mar. 29, 2024). The Government relies on *United States v. Lopez-Espindola*, 632 F.2d 107 (9th Cir. 1980), to argue that the broad interpretation of the language "not only involves the trial itself but also the period of time utilized in making necessary preparation for trial." *Lopez-Espindola*, 632 F.2d at 110.

The Government also argues that the American Bar Association Criminal Justice Standards do not support Hudson's arguments because they are a guide, not law that binds the Court. In any case, the Government argues that Hudson's citations to the standards, including that time should be excluded when the defendant is "engaged in proceedings in a different case in the same or a different court," are at odds with her previous argument that § 3161(h)(1)(B) should be limited to proceedings in other jurisdictions.

The Government further argues that *United States v. Hart*, 91 F.4th 732 (4th Cir. 2024), and *United States v. Shear*, 825 F.2d 783 (4th

Cir. 1987), do not limit § 3161(h)(1)(B)'s exclusion to merely the time from when trial actually commences and therefore do not support Hudson's objections. Finally, the Government argues that Hudson's calculation of countable days is erroneous because she ignores the motions she has filed since April 2023 in the case, which toll the speedy trial clock.

The Court has conducted a careful review of Hudson's objections and concludes they have no merit.

## IV. Conclusion

For the foregoing reasons, the Court adopts the R&R over Hudson's objections. Hudson's motions [1:22-cr-62-TCB-RDC, 52; 1:23-cr-131-TCB-RDC, 122] for emergency release are denied. Motions [1:23-cr-131-TCB-RDC, 219; 1:22-cr-362-TCB-RDC, 125] to extend the time to file a response to Defendant's objections to the magistrate judge's R&R are denied as moot.

IT IS SO ORDERED this 3rd day of February, 2025.

_____
Timothy C. Batten, Sr.
Chief United States District Judge