

ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

OCT 07 2025

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRITTANY HUDSON | Criminal Indictment<br><br>No. 1:23-CR-0131-MLB-RDC<br><br>(Second Superseding) |

THE GRAND JURY CHARGES THAT:

**Count 1**
**(Wire Fraud Conspiracy)**

1. Beginning on a date unknown, but from at least in or about January 2022, and continuing through in or about June 2022, in the Northern District of Georgia and elsewhere, the Defendant, BRITTANY HUDSON, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young and others known and unknown to the Grand Jury to commit wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the scheme, with the intent to defraud, to cause the transmission of interstate wire communications, in violation of Title 18, United States, Code, Section 1343.

## Background

At times relevant to this Indictment:

2. Defendant HUDSON was in a relationship and resided with Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young. Defendant HUDSON owned a business, Legend Express LLC, which contracted with Amazon.com, Inc. ("Amazon") as a Delivery Service Partner. Amazon Delivery Service Partners are independent businesses that partner with Amazon to deliver packages to customers.

3. Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young was an Operations Manager at Amazon. She worked at the Amazon Warehouse in Smyrna, Georgia. In her position, Wortham supervised others and had the authority to approve new vendors for Amazon. She could also approve the payment of vendor invoices.

4. Demetrius Hines was a Loss Prevention Multi-Site Lead at Amazon. He worked at various Amazon sites, including the Amazon Warehouse in Smyrna, Georgia. In his position, Hines was responsible for preventing loss and protecting people, products, and information at Amazon. He led investigations, conducted interviews, and monitored security risks.

5. Jamar L. James, Sr. was an Operations Manager at Amazon. He worked at the Amazon Warehouse in Duluth, Georgia. In his position, James supervised others and had the authority to approve new vendors for Amazon. He could also approve the payment of vendor invoices.

6. Amazon is an American multinational technology company whose business interests include e-commerce, cloud computing, digital streaming, and artificial intelligence. Amazon engages in the online retail sale of a wide range of products, including books, music, computers, and electronics, among numerous other products, which are directly shipped to customers. Amazon is one of the largest technology companies in the United States.

## Manner and Means

7. Defendant HUDSON and Wortham conspired to steal millions from Amazon based on fraudulent vendors and invoices. They created fake vendors and submitted more than $10 million in fictitious invoices for those vendors, causing Amazon to transfer approximately $9.4 million to bank accounts controlled by them and others.

8. As part of the scheme, Wortham provided fake vendor information to unknowing subordinates and asked them to input the information into Amazon's vendor system. Once the information was entered, Wortham approved the fake vendors, thereby enabling those vendor accounts to submit invoices for payment for goods and services purportedly provided by the vendors to Amazon.

9. Wortham established the fake vendor accounts so that they were associated with bank accounts controlled by her, Defendant HUDSON, Hines, James, and others.

10. After the fake vendor accounts were established, Wortham and Defendant HUDSON submitted fictitious invoices to Amazon for payment. These invoices falsely represented that the fake vendors had provided goods and services to Amazon, when in fact they had not. The invoices directed payment to bank accounts controlled by the co-conspirators.

11. After Amazon received the fictitious invoices, Wortham, James, and others approved them for payment, causing Amazon to transfer funds to the bank accounts controlled by the co-conspirators. These approvals and payments caused transmissions of interstate wire communications.

12. In furtherance of the conspiracy, Wortham and Defendant HUDSON recruited other individuals to act as purported vendor contacts for the fake vendors entered into Amazon's system. Wortham shared fraudulent proceeds with these co-conspirators by directing payments of fictitious invoices to their bank accounts and by transferring fraudulent proceeds from her accounts to theirs.

13. Wortham recruited Hines into the scheme to establish additional fake vendor accounts. Hines provided information to Wortham to create additional fake vendor accounts. Wortham and James approved these vendors for payment.

14. Hines recruited James into the scheme. Using his position as an Operations Manager, James approved fake vendors and approved fraudulent invoices, even though in truth the fake vendors provided no goods or services to

Amazon. James received fraud proceeds in a bank account held in his wife's name.

15. Defendant HUDSON, Wortham, Hines, James, and others received fraudulent proceeds generated from the fake vendor accounts. The invoices directed payment to bank accounts controlled by them, and Wortham transferred fraudulent proceeds from her accounts to other conspirators' accounts.

16. After Wortham left Amazon in or about March 2022, she, Defendant HUDSON, and Hines continued to submit fictitious invoices to Amazon on behalf of the fake vendors they created. James approved fictitious invoices after Wortham left Amazon. The conspirators continued to receive fraudulent proceeds from the scheme until in or about June 2022.

17. In total, Defendant HUDSON, Wortham, and co-conspirators submitted more than $10 million in fraudulent invoices to Amazon as part of this scheme. Defendant HUDSON and Wortham received millions in fraudulent proceeds from the scheme and spent fraudulent proceeds on themselves, including purchasing expensive real estate and luxury cars. For example, they purchased a nearly $1 million home in Smyrna, Georgia, a 2019 Lamborghini Urus, a 2021 Dodge Durango, a 2022 Tesla Model X, a 2018 Porsche Panamera, and a Kawasaki ZX636 motorcycle, all with fraudulent proceeds.

All in violation of Title 18, United States Code, Section 1349.

## Counts 2 through 16
## (Wire Fraud)

18. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

19. Beginning on a date unknown, but from at least in or about January 2022, and continuing through at least in or about June 2022, in the Northern District of Georgia and elsewhere, the Defendant, BRITTANY HUDSON, aided and abetted by Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young and others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

### Execution of Scheme to Defraud

20. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, Defendant HUDSON, aided and abetted by Wortham and others known and unknown to the Grand Jury, with intent to defraud, and for the purpose of executing the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 2 | 2/8/2022 | Transfer in the amount of $27,438.60 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 3 | 2/15/2022 | Transfer in the amount of $27,438.60 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 4 | 2/23/2022 | Transfer in the amount of $64,840.72 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 5 | 2/24/2022 | Transfer in the amount of $115,138.56 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 6 | 3/29/2022 | Transfer in the amount of $95,584.40 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 7 | 2/28/2022 | Transfer in the amount of $111,521.04 from Amazon to Bank of America account x4026 held in the name of Defendant HUDSON |
| 8 | 3/29/2022 | Transfer in the amount of $76,141.44 from Amazon to Bank of America account x4026 held in the name of Defendant HUDSON |
| 9 | 1/31/2022 | Transfer in the amount of $58,014.95 from Amazon to Wells Fargo account x4436 held in the name of IPress Ink, LLC, and owned by Defendant HUDSON |
| 10 | 3/29/2022 | Transfer in the amount of $80,798.59 from Amazon to Truist account x2938 held in the name of IPress Ink, LLC, and owned by Defendant HUDSON |
| 11 | 1/31/2022 | Transfer in the amount of $15,121.35 from Amazon to Wells Fargo account x9310 held in the names of Defendant HUDSON and A.H. |
| 12 | 2/8/2022 | Transfer in the amount of $116,408.28 from Amazon to Wells Fargo account x9310 held in the names of Defendant HUDSON and A.H. |
| 13 | 2/15/2022 | Transfer in the amount of $116,408.28 from Amazon to Wells Fargo account x9310 held in the names of Defendant HUDSON and A.H. |

7

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 14 | 3/24/2022 | Transfer in the amount of $97,006.90 from Amazon to Wells Fargo account x9310 held in the name of A.H. |
| 15 | 2/3/2022 | Transfer in the amount of $110,448.00 from Amazon to Wells Fargo account x8146 held in the name of Defendant HUDSON |
| 16 | 2/8/2022 | Transfer in the amount of $36,740.48 from Amazon to Wells Fargo account x8146 held in the name of Defendant HUDSON |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**Count 17**
**(Money Laundering Conspiracy)**

21. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

22. Beginning on a date unknown, but from at least in or about January 2022, and continuing through in or about June 2022, in the Northern District of Georgia and elsewhere, the Defendant, BRITTANY HUDSON, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young and others unknown to the Grand Jury to commit money laundering, that is, to knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, consisting of the deposit, withdrawal, transfer, and exchange, in and affecting interstate and foreign commerce, of funds and monetary instruments by, through, and to a financial institution, such property having been derived from specified unlawful activity, that is,

8

conspiracy and wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

### Counts 18 through 26
### (Money Laundering)

23. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

24. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, the Defendant, BRITTANY HUDSON, aided and abetted by Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young and others unknown to the Grand Jury, knowingly engaged in and attempted to engage in the monetary transactions described below in criminally derived property of a value greater than $10,000, consisting of the deposit, withdrawal, transfer, and exchange, in and affecting interstate and foreign commerce, of funds and monetary instruments by, through, and to a financial institution, such property having been derived from specified unlawful activity, that is, conspiracy and wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343:

| COUNT | DATE | TRANSACTION | AMOUNT | PAYEE |
|---|---|---|---|---|
| 18 | 1/31/2022 | Withdrawal by electronic check from Navy Federal Credit Union account x0951 for payment on 2018 Porsche Panamera | $69,000.00 | U.S. Bank |
| 19 | 2/25/2022 | Wire transfer from Wells Fargo account x9310 for payment on real estate in Smyrna, Georgia | $328,352.17 | Law firm escrow account |
| 20 | 2/25/2022 | Wire transfer from Navy Federal Credit Union account x1580 for payment on real estate in Smyrna, Georgia | $600,000.00 | Law firm escrow account |
| 21 | 3/7/2022 | Withdrawal by cashier's check from Bank of America account x3253 for payment on 2021 Dodge Challenger | $82,990.00 | Landmark Dodge Chrysler Jeep Ram of Atlanta |
| 22 | 4/16/2022 | Withdrawal by cashier's check from Wells Fargo account x7611 for payment on 2022 Tesla Model X and 2019 Lamborghini Urus | $295,000.00 | Atlanta Auto |
| 23 | 4/18/2022 | Withdrawal by cashier's check from Wells Fargo account x7611 for payment 2019 Lamborghini Urus | $150,000.00 | Atlanta Auto |
| 24 | 3/7/2022 | Cash withdrawal from Wells Fargo account x4436 | $50,000.00 | Cash |
| 25 | 4/13/2022 | Withdrawal by cashier's checks from Bank of America account x3253 | $200,000.00 | A.W., C.S. |
| 26 | 4/13/2022 | Withdrawal by cashier's checks from Bank of America account x4026 | $180,000.00 | Greer Services |

10

All in violation of Title 18, United States Code, Sections 1957 and 2.

## Count 27
## (Wire Fraud Conspiracy)

25. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

26. Beginning on a date unknown, but from at least on or about January 22, 2023, and continuing through on or about January 27, 2023, in the Northern District of Georgia and elsewhere, the Defendant, BRITTANY HUDSON, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young to commit wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the scheme, with the intent to defraud, to cause the transmission of interstate wire communications, in violation of Title 18, United States, Code, Section 1343.

### Background

At times relevant to this Indictment:

27. CRU Franchising Company LLC is a Georgia limited liability company that sells franchises and owns a system for developing and operating hookah lounges under the names CRU and CRU Hemp Lounge.

11

## Manner and Means

28. Defendant HUDSON and Wortham conspired together to make material misrepresentations to CRU with the intent of obtaining a CRU franchise in the Atlanta area.

29. On or about September 29, 2022, Defendant HUDSON and Wortham were criminally charged with conspiracy to commit wire fraud, based on their scheme to defraud Amazon through the scheme described in Count 1. On or about November 30, 2022, Wortham pleaded guilty to conspiracy to commit wire fraud as charged.

30. Defendant HUDSON and Wortham worked with CRU representatives to open a hookah lounge in the Atlanta area. In or about January 2023, Defendant HUDSON and Wortham were finalizing a franchise deal with CRU to open a hookah lounge in Midtown Atlanta.

31. As part of the due diligence for the franchise deal, on or about January 22, 2023, Defendant HUDSON emailed CRU purported financial information to support closing the deal. Defendant HUDSON's email attached doctored bank statements and personal financial statements that fraudulently inflated the balances in Defendant HUDSON's accounts.

32. In completing its due diligence before closing the franchise deal, CRU located online information describing the Amazon fraud crimes that Defendant HUDSON and Wortham had been charged with. After reviewing that information, CRU scheduled a call with Defendant HUDSON and Wortham to

discuss the charges with CRU representatives. CRU also invited Demetrius Hines to the call, as he had been on the original franchise paperwork.

33. During the call, on or about January 23, 2023, Defendant HUDSON and Wortham falsely claimed that their criminal cases were being dismissed and not moving forward. Defendant HUDSON and Wortham lied with the intent to defraud CRU and obtain a CRU franchise.

34. Later that night after the call, Wortham emailed CRU. In the email, Wortham made false claims about her criminal case. She also attached a fraudulent court document that included a fake "NOTICE OF NOLLE PROSEQUI AND DISMISSAL" purporting to dismiss her criminal case. The fraudulent court document included the signature of a Federal Judge, the Court's stamp, the name of the Clerk of Court, and the signature of a Deputy Clerk of the Court. These documents were fraudulent, having never been issued in Wortham's criminal case.

35. On or about January 27, 2023, Defendant HUDSON sent an email to CRU attaching a fraudulent court document entitled, "GOVERNMENT'S MOTION and ORDER FOR DISMISSING CASE AS TO DEFENDANT BRITTANY HUDSON," purporting to dismiss her criminal case. The fraudulent court document included the signature of a Federal Judge, the Court's stamp, and the name of the Clerk of Court. This document was fraudulent, having never been issued in Defendant HUDSON's criminal case. Defendant HUDSON's emails to CRU caused interstate wire transmissions.

All in violation of Title 18, United States Code, Section 1349.

**Counts 28 and 29**
**(Wire Fraud)**

36. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 and 27 through 35 of this Indictment as if fully set forth herein.

37. Beginning on a date unknown, but from at least on or about January 22, 2023, and continuing through on or about January 27, 2023, in the Northern District of Georgia and elsewhere, the Defendant, BRITTANY HUDSON, aided and abetted by Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

<u>Execution of Scheme to Defraud</u>

38. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, Defendant HUDSON, aided and abetted by Wortham, with intent to defraud, and for the purpose of executing the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

14

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 28 | 1/22/2023 | Email from Defendant HUDSON to CRU representative A.S. attaching fraudulent financial documents |
| 29 | 1/27/2023 | Email from Defendant HUDSON to CRU representative D.M. attaching fraudulent court document |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**Count 30**
**(Forgery of Signature of Federal Judge and Seal of Court)**

39. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 and 27 through 35 of this Indictment as if fully set forth herein.

40. On or about January 27, 2023, in the Northern District of Georgia, the Defendant, BRITTANY HUDSON, aided and abetted by Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young, forged the signature of a Judge and other officer of a Court of the United States, forged and counterfeited the seal of a Court of the United States, and knowingly concurred in using a forged and counterfeit signature and seal, for the purpose of authenticating any proceeding and document, knowing such signature and seal to be false and counterfeit.

All in violation of Title 18, United States Code, Sections 505 and 2.

**Forfeiture Provision**

41. Upon conviction of one or more of the offenses alleged in Counts 1 through 16 and 27 through 29 of this Indictment, the Defendant, BRITTANY HUDSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations, including, but not limited to, the following:

> a. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 1 through 16 and 27 through 29 of the Indictment.
>
> b. $79,374.83 in funds seized from the Truist account ending 2938 on or about August 4, 2022.
>
> c. $1,944.00 in funds seized from the Wells Fargo account ending 9310 on or about August 2, 2022.
>
> d. Real property located at 4161 Weaver Street Southeast, Smyrna, Georgia 30080, and all buildings, appurtenances, improvements, and attachments thereon, more particularly described as:
>
>> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 694 OF THE 17TH DISTRICT, 2ND SECTION OF COBB COUNTY, GEORGIA, AND BEING THE NORTH HALF OF LOT 6, ALL OF LOT NO. 7 AND 8 AND THE SOUTH 6.25 FEET OF LOT NO. 9, IN BLOCK B OF THE GILMER HEIGHTS

16

SUBDIVISION AS PER PLAT RECORDED IN PLAT BOOK 3, PAGE 78 IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF COBB COUNTY, GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EAST SIDE OF WEAVER STREET, 462 1/2 FEET NORTH OF THE NORTHEAST CORNER OF WEAVER STREET AND COOPER LAKE ROAD; RUNNING THENCE NORTH ALONG THE WEST SIDE OF WEAVER STREET 68.75 FEET; THENCE EAST 148 FEET; THENCE SOUTH 68.75 FEET; THENCE WEST 148 FEET TO WEAVER STREET AND THE POINT OF BEGINNING, BEING IMPROVED PROPERTY WITH A HOUSE THEREON KNOWN AS 4161 WEAVER STREET, SE SMYRNA, GEORGIA.

[Tax Parcel ID No.: 17069400340]

42. Upon conviction of one or more offenses alleged in Counts 17 through 26 of this Indictment, the Defendant, BRITTANY HUDSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property. The forfeited property includes but is not limited to, the following:

    a. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 17 through 26 of the Indictment.

    b. $1,944.00 in funds seized from the Wells Fargo account ending 9310 on or about August 2, 2022.

17

c. Real property located at 4161 Weaver Street Southeast, Smyrna, Georgia 30080, and all buildings, appurtenances, improvements, and attachments thereon, more particularly described as:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 694 OF THE 17TH DISTRICT, 2ND SECTION OF COBB COUNTY, GEORGIA, AND BEING THE NORTH HALF OF LOT 6, ALL OF LOT NO. 7 AND 8 AND THE SOUTH 6.25 FEET OF LOT NO. 9, IN BLOCK B OF THE GILMER HEIGHTS SUBDIVISION AS PER PLAT RECORDED IN PLAT BOOK 3, PAGE 78 IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF COBB COUNTY, GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A POINT ON THE EAST SIDE OF WEAVER STREET, 462 1/2 FEET NORTH OF THE NORTHEAST CORNER OF WEAVER STREET AND COOPER LAKE ROAD; RUNNING THENCE NORTH ALONG THE WEST SIDE OF WEAVER STREET 68.75 FEET; THENCE EAST 148 FEET; THENCE SOUTH 68.75 FEET; THENCE WEST 148 FEET TO WEAVER STREET AND THE POINT OF BEGINNING, BEING IMPROVED PROPERTY WITH A HOUSE THEREON KNOWN AS 4161 WEAVER STREET, SE SMYRNA, GEORGIA.

[Tax Parcel ID No.: 17069400340]

43. If, as a result of any act or omission of the Defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property.

A  *True*  BILL

/s/ *Foreperson*

THEODORE S. HERTZBERG
*United States Attorney*

/s/ S.H. McM.

STEPHEN H. MCCLAIN
*Assistant United States Attorney*
Georgia Bar No. 143186

/s/

ANGELA ADAMS
*Assistant United States Attorney*
Georgia Bar No. 613114

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181