IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>BRITTANY HUDSON | Criminal Action No.<br>1:23-CR-00131-MLB |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM FOR FORFEITURE**

In the event that the Defendant, Brittany Hudson, is convicted of a violation of Counts 1 through 17 and 19 through 20 of the Second Superseding Indictment, the United States hereby submits the following Proposed Jury Instructions and, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5)(B), hereby submits a Proposed Special Verdict Form.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/STEPHEN H. MCCLAIN
*Assistant United States Attorney*
Georgia Bar No. 143186

/s/ANGELA ADAMS
*Assistant United States Attorney*
Georgia Bar No. 613114

**<u>GOVERNMENT'S FORFEITURE REQUEST TO CHARGE NO. 1</u>**

**T6**

**Forfeiture Proceedings**

(To be given before supplemental evidentiary proceedings or
Supplemental arguments of counsel)

Members of the Jury: Your verdict in this case doesn't complete your jury service as it would in most cases because there is another matter you must now consider.

You must decide whether the Defendant, Brittany Hudson, should forfeit certain money and property to the United States as a part of the penalty for the crimes charged in Counts 1 through 17 and 19 through 20 of the Second Superseding Indictment.

In a portion of the indictment not previously discussed or disclosed to you, it is alleged that the Defendant got certain money and property from committing the offenses charged in Counts 1 through 17 and 19 through 20. In view of your verdict finding the Defendant guilty of those offenses, you must also decide whether the money and property should be forfeited to the United States.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether money and property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that will be presented to you after these instructions.

A copy of the forfeiture allegations of the indictment will be given to you to consider during your supplemental deliberations. It describes in particular the money and property allegedly subject to forfeiture to the United States, which are:

a) $79,374.83 in funds seized from Truist Bank account number ending 2938; and,

b) Real property located at 4161 Weaver Street Southeast, Smyrna, Georgia 30080.

To be entitled to the forfeiture of any of those items, the Government must have proved by a preponderance of the evidence that the money and property to be forfeited constitutes, or was derived from, the proceeds the Defendant obtained directly or indirectly as a result of the crimes charged in Counts 1 through 16, or that the money and property to be forfeited was involved in or traceable to any of the crimes charged in Counts 17 and 19 through 20.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

Property "involved in" a money laundering offense includes the property that is the subject of the financial transaction upon which the conviction is based and the property that facilitated that offense.[1]

---

[1] *United States v. $688,670.42*, 449 F. App'x 871, 877 (11th Cir. 2011) (noting that the Eleventh Circuit "has interpreted 'involved in' in 18 U.S.C § 982(a)(1) . . . to allow forfeiture of not only the money which was actually laundered but also property used to facilitate the laundering offense"); *see also United States v. Miller*, 295 F. Supp. 3d 690, 697-698 (E.D. Va. 2018) ("Courts have consistently interpreted the phrase 'involved in' in § 982(a)(1) broadly to include the money or property

To "facilitate" the commission of an offense means to aid, promote, advance, or make easier, the commission of the act or acts constituting the offense. There must be more than an incidental connection between the property and the offense for you to find that the property facilitated, or was intended to facilitate, committing the offense. But the property doesn't have to be essential to committing the offense, nor does the property have to have been used exclusively to commit the offense or as the exclusive means of committing the offense. Property used to facilitate an offense can be in virtually any form.

To be "traceable" to something means that the money and property under consideration must have followed an ascertainable course or trail in successive stages of development or progress from the original source.

When a scheme to defraud is charged, as the Government charged in Counts 1 through 16 of this case, you may forfeit the entire proceeds of the scheme on any single count of conviction.[2]

While deliberating concerning the issue of forfeiture you must not re-examine your previous determination regarding the Defendant's guilt. But all the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your

---

being laundering as well as property used to commit or to facilitate the money laundering unlawful activity. And importantly, property involved in a money laundering offense is forfeitable in its entirety, even if legitimate funds have also been invested in the property").

[2] *United States v. Hasson*, 333 F.3d 1264, 1279-1280 (11th Cir. 2003); *United States v. Clark*, 165 F. Supp. 3d 1215, 1218 (S.D. Fla. 2016).

duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

To summarize, your task now is to decide whether the Government has shown by a preponderance of the evidence that the money and property is subject to forfeiture in this case and if so, why that money is forfeitable. To resolve both of these matters, you will use the special verdict form that the Court will supply.

You will see that the special verdict form asks you to consider separately whether the money is subject to forfeiture for more than one reason. If you find that the money is subject to forfeiture for more than one reason, it does not mean that the Government will receive that amount of money multiple times. You must indicate on the special verdict form all of the bases on which you find any given property subject to forfeiture.

You will take the verdict form to the jury room. When you have reached unanimous agreement on the forfeiture verdict, have your foreperson fill in the blanks, date and sign the verdict form, then return to the Courtroom.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>BRITTANY HUDSON | Criminal Action No.<br>1:23-CR-00131-MLB |

**PROPOSED SPECIAL VERDICT FORM FOR FORFEITURE**

**1.**

We, the jury, unanimously find by a preponderance of the evidence that the $79,374.83 in funds seized from Truist Bank account number ending 2938 is money that constitutes, or was derived from, the proceeds that the Defendant obtained directly or indirectly as a result of the crime(s) charged in the following Count(s):

Count 1 _______ Yes _______ No

Count 2 _______ Yes _______ No

Count 3 _______ Yes _______ No

Count 4 _______ Yes _______ No

Count 5 _______ Yes _______ No

Count 6 _______ Yes _______ No

Count 7 _______ Yes _______ No

Count 8 _______ Yes _______ No

Count 9 _______ Yes _______ No

Count 10 _______ Yes _______ No

Count 11 _______ Yes _______ No

| | | |
|---|---|---|
| Count 12 | _______ Yes | _______ No |
| Count 13 | _______ Yes | _______ No |
| Count 14 | _______ Yes | _______ No |
| Count 15 | _______ Yes | _______ No |
| Count 16 | _______ Yes | _______ No |

**2.**

We, the jury, unanimously find by a preponderance of the evidence that the real property located at 4161 Weaver Street Southeast, Smyrna Georgia 30080 constitutes, or was derived from, the proceeds that the Defendant obtained directly or indirectly as a result of the crime(s) charged in the following Count(s):

| | | |
|---|---|---|
| Count 1 | _______ Yes | _______ No |
| Count 2 | _______ Yes | _______ No |
| Count 3 | _______ Yes | _______ No |
| Count 4 | _______ Yes | _______ No |
| Count 5 | _______ Yes | _______ No |
| Count 6 | _______ Yes | _______ No |
| Count 7 | _______ Yes | _______ No |
| Count 8 | _______ Yes | _______ No |
| Count 9 | _______ Yes | _______ No |
| Count 10 | _______ Yes | _______ No |
| Count 11 | _______ Yes | _______ No |
| Count 12 | _______ Yes | _______ No |
| Count 13 | _______ Yes | _______ No |

Count 14 _______ Yes _______ No

Count 15 _______ Yes _______ No

Count 16 _______ Yes _______ No

**3.**

We, the jury, unanimously find by a preponderance of the evidence that the real property located at 4161 Weaver Street Southeast, Smyrna Georgia 30080 is property that was involved in or traceable to the crime(s) charged in the following Count(s):

Count 17 _______ Yes _______ No

Count 19 _______ Yes _______ No

Count 20 _______ Yes _______ No

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Atlanta, Georgia,

this _________ day of March, 2026.

Jury Foreperson's Signature: ______________________________

Jury Foreperson's Printed Name: ______________________________

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record, and by hand-delivering a copy to:

Brittany Hudson

March 10, 2026

/s/ STEPHEN H. MCCLAIN
STEPHEN H. MCCLAIN
*Assistant United States Attorney*